℺JS 44  (Rev. 11/04)                    **CIVIL COVER SHEET**                    **APPENDIX H**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a)   PLAINTIFFS | DEFENDANTS |
|---|---|
| MILISSA ECCLESTON | EPIC DEVELOPMENTAL SERVICES, EPIC HEALTH SYSTEMS, INC., HBA MANAGEMENT, INC. d/b/a WEISMAN CHILDREN'S REHAB HOSPITAL |

**(b)**   County of Residence of First Listed Plaintiff   CAMDEN
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   DALLAS
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)**   Attorney's (Firm Name, Address, and Telephone Number)
Katherine C. Oeltjen, Esquire
Console Law Offices LLC
110 Marter Avenue
Suite 105
856-854-4000
Moorestown, NJ 08057

Attorneys (If Known)

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

❏ 1   U.S. Government Plaintiff

❏ 3   Federal Question
(U.S. Government Not a Party)

❏ 2   U.S. Government Defendant

☒ 4   Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ❏ 1 | Incorporated or Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated and Principal Place of Business In Another State | ❏ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | ❏ 610 Agriculture | ❏ 422 Appeal 28 USC 158 | ❏ 400 State Reapportionment |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 620 Other Food & Drug | ❏ 423 Withdrawal | ❏ 410 Antitrust |
| ❏ 130 Miller Act | ❏ 315 Airplane Product | ❏ 625 Drug Related Seizure | 28 USC 157 | ❏ 430 Banks and Banking |
| ❏ 140 Negotiable Instrument | Liability | of Property 21 USC 881 | | ❏ 450 Commerce |
| ❏ 150 Recovery of Overpayment | ❏ 320 Assault, Libel & | ❏ 630 Liquor Laws | **PROPERTY RIGHTS** | ❏ 460 Deportation |
| & Enforcement of Judgment | Slander | ❏ 640 R.R. & Truck | ❏ 820 Copyrights | ❏ 470 Racketeer Influenced and |
| ❏ 151 Medicare Act | ❏ 330 Federal Employers' | ❏ 650 Airline Regs. | ❏ 830 Patent | Corrupt Organizations |
| ❏ 152 Recovery of Defaulted | Liability | ❏ 660 Occupational | ❏ 840 Trademark | ❏ 480 Consumer Credit |
| Student Loans | ❏ 340 Marine | Safety/Health | | ❏ 490 Cable/Sat TV |
| (Excl. Veterans) | ❏ 345 Marine Product | ❏ 690 Other | | ❏ 810 Selective Service |
| ❏ 153 Recovery of Overpayment | Liability | **LABOR** | **SOCIAL SECURITY** | ❏ 850 Securities/Commodities/ |
| of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 710 Fair Labor Standards | ❏ 861 HIA (1395ff) | Exchange |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle | Act | ❏ 862 Black Lung (923) | ❏ 875 Customer Challenge |
| ❏ 190 Other Contract | Product Liability | ❏ 720 Labor/Mgmt. Relations | ❏ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ❏ 195 Contract Product Liability | ❏ 360 Other Personal | ❏ 730 Labor/Mgmt.Reporting | ❏ 864 SSID Title XVI | ❏ 890 Other Statutory Actions |
| ❏ 196 Franchise | Injury | & Disclosure Act | ❏ 865 RSI (405(g)) | ❏ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 740 Railway Labor Act | ❏ 892 Economic Stabilization Act |
| ❏ 210 Land Condemnation | ❏ 441 Voting | ❏ 510 Motions to Vacate | **FEDERAL TAX SUITS** | ❏ 893 Environmental Matters |
| ❏ 220 Foreclosure | ☒ 442 Employment | Sentence | ❏ 790 Other Labor Litigation | ❏ 894 Energy Allocation Act |
| ❏ 230 Rent Lease & Ejectment | ❏ 443 Housing/ | **Habeas Corpus:** | ❏ 791 Empl. Ret. Inc. | ❏ 895 Freedom of Information |
| ❏ 240 Torts to Land | Accommodations | ❏ 530 General | Security Act | Act |
| ❏ 245 Tort Product Liability | ❏ 444 Welfare | ❏ 535 Death Penalty | ❏ 870 Taxes (U.S. Plaintiff | ❏ 900Appeal of Fee Determination |
| ❏ 290 All Other Real Property | ❏ 445 Amer. w/Disabilities - | ❏ 540 Mandamus & Other | or Defendant) | Under Equal Access |
| | Employment | ❏ 550 Civil Rights | ❏ 871 IRS—Third Party | to Justice |
| | ❏ 446 Amer. w/Disabilities - | ❏ 555 Prison Condition | 26 USC 7609 | ❏ 950 Constitutionality of |
| | Other | | | State Statutes |
| | ❏ 440 Other Civil Rights | | | |

Note: In FEDERAL TAX SUITS column, ❏ 870 Taxes (U.S. Plaintiff or Defendant). In LABOR column ❏ 790 Other Labor Litigation, ❏ 791 Empl. Ret. Inc. Security Act.

## V. ORIGIN   (Place an "X" in One Box Only)

☒ 1  Original Proceeding
❏ 2  Removed from State Court
❏ 3  Remanded from Appellate Court
❏ 4  Reinstated or Reopened
❏ 5  Transferred from another district (specify)
❏ 6  Multidistrict Litigation
❏ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing **(Do not cite jurisdictional statutes unless diversity):**
Conscientious Employee Protection Act, N.J.S.A. 34:19-1, et seq. ("CEPA") and New Jersey common law
Brief description of cause:
Plaintiff brings this claim against her former employers for wrongful termination.

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $
in excess of $100,000

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ❏ No

## VIII. RELATED CASE(S) IF ANY

n/a

(See instructions):   JUDGE                       DOCKET NUMBER

DATE   November 16, 2016

SIGNATURE OF ATTORNEY OF RECORD
Katherine C. Oeltjen, Esquire

FOR OFFICE USE ONLY

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MILISSA ECCLESTON<br>226 E. Maddison Avenue<br>Collingswood, NJ 08108 | : <br> : <br> : <br> : |
| Plaintiff, | : <br> : |
| v. | : <br> : <br> : |
| EPIC DEVELOPMENTAL SERVICES<br>5220 Spring Valley Road<br>Suite 400<br>Dallas, TX 75254 | CIVIL ACTION NO.<br> : <br> : <br> : <br> : |
| and | : <br> : |
| EPIC HEALTH SYSTEMS, INC.,<br>5220 Spring Valley Road<br>Suite 400<br>Dallas, TX 75254 | : <br> : <br> JURY TRIAL DEMANDED <br> : |
| and | : <br> : |
| HBA MANAGEMENT, INC.<br>d/b/a<br>WEISMAN CHILDREN'S REHAB<br>HOSPITAL,<br>5310 NW 33rd Ave, Suite 211<br>Fort Lauderdale, Florida 33309-6319 | : <br> : <br> : <br> : <br> : <br> : |
| Defendants. | : <br> : |

## COMPLAINT

### I.   INTRODUCTION

1.      Plaintiff, Milissa Eccleston, brings this action against her former employers, Epic Developmental Services ("Defendant EDS"), Epic Health Services, Inc. ("Defendant Epic") (collectively, "Epic Defendants"), and HBA Management, Inc. d/b/a Weisman Children's Rehab Hospital ("Defendant Weisman") (collectively, "Defendants").   Plaintiff's employment was wrongfully terminated after she complained that Defendant Weisman failed to follow New Jersey state law, public policy and its own internal policy and notify child welfare officials that a child left

1

in Defendant Weisman's care appeared to be experiencing extreme neglect. When Plaintiff's supervisors ignored her complaints, she followed the law (and her obligations as a mandatory reporter of child abuse and neglect) and notified New Jersey's Child Protection and Permanency service ("CPPS"). When CPPS began investigating Plaintiff's complaint on Defendant Weisman's premises, Defendant Weisman terminated her employment and the Epic Defendants refused to offer Plaintiff any other placements, effective immediately, because she "went behind their back" and reported neglect of a child to CPPS, in violation of the Conscientious Employee Protection Act, N.J.S.A. 34:19-1, *et seq.* ("CEPA") and New Jersey common law.  Plaintiff seeks damages, including front and back pay, compensatory and punitive damages, as well as costs, attorneys' fees, and all other relief that this Court deems appropriate.

## II.  **PARTIES**

2.      Plaintiff, Milissa Eccleston ("Plaintiff"), is an individual and a citizen of the State of New Jersey.  She resides in Collingswood, New Jersey.

3.      Epic Developmental Services is a wholly owned subsidiary of Epic Health Services, Inc. Both Defendant EDS and Defendant Epic have a principle place of business located at 5220 Spring Valley Road, Suite 400, Dallas, TX 75254.

4.      Epic Defendants regularly conduct business in the State of New Jersey.

5.      Defendant HBA Management, Inc., d/b/a Weisman Children's Rehab Hospital is a Florida corporation with its principle place of business located at 5310 NW 33rd Ave Suite 211, Fort Lauderdale, Florida 33309-6319.

6.      Defendant Weisman regularly conducts business in the State of New Jersey and operates a medical day care facility at 2475 McClellan Ave, Suite B-203, Pennsauken, New Jersey 08109.

2

7.     At all times material hereto, Epic Defendants acted by and through their authorized agents, servants, workmen, and /or employees acting within the course and scope of their employment with Epic Defendants and in furtherance of Epic Defendants' business.

8.     At all times material hereto, Defendant Weisman acted by and through its authorized agents, servants, workmen, and /or employees acting within the course and scope of their employment with Defendant Weisman and in furtherance of Defendant Weisman's business.

9.     At all times material hereto, Defendant EDS was an employer within the meanings of the causes of action that forms the basis of this Complaint.

10.    At all times material hereto, Defendant Epic was an employer within the meanings of the causes of action that forms the basis of this Complaint.

11.    At all times material hereto, Defendant Weisman was an employer within the meanings of the causes of action that forms the basis of this Complaint.

12.    At all times material hereto, Plaintiff was an employee of Defendant EDS, Defendant Epic and Defendant Weisman within the meanings of the causes of action that forms the basis of this Complaint.

### III.  JURISDICTION AND VENUE

13.    The causes of action which forms the basis of this matter arises under CEPA and the common law of New Jersey.

14.    The District Court has jurisdiction over all counts pursuant to 28 U.S.C. § 1332 since the amount in controversy in the present action exceeds the sum or value of seventy-five thousand dollars ($75,000), exclusive of interests and costs, and as there exists complete diversity of citizenship, as Plaintiff is a citizen of the State of New Jersey and Defendants are not citizens of the State of New Jersey, but are citizens of Texas and Florida.

15.    Venue is proper in the District Court under 28 U.S.C. § 1391(b).

## IV. **FACTUAL ALLEGATIONS**.

16.     Plaintiff is certified as a registered behavioral technician certified by the Behavior Analyst Certification Board (BACB).

17.     Plaintiff was hired by Epic Defendants as a behavior technician on or about September 28, 2015.

18.     Epic Defendants provide pediatric care services in eighteen states, including New Jersey.

19.     Epic Defendants hire behavior technicians to place with client companies where services are provided under the client company's direction and at the client company's worksite.

20.     Epic Defendants placed Plaintiff with Defendant Weisman to provide behavior technician services to Weisman Children's Rehab Hospital, Outpatient and Medical Day Care facility, located in Pennsauken, New Jersey.

21.     Plaintiff started work at Defendant Weisman in the medical day care on October 16, 2015.

22.     Defendant Weisman required Plaintiff to participate in mandatory employee training prior to working with children.

23.     During the training, Defendant Weisman told Plaintiff that, consistent with state law, she was a mandatory reporter of abuse and neglect observed during her job. Defendant Weisman further instructed that upon any suspicion of abuse or neglect of a child under Weisman's care (regardless of where the employee believed the abuse and/or neglect to have occurred), the Plaintiff must notify CPPS.

24.     Plaintiff's duties included making and typing protocols for behavior plans for individual students, writing letters to parents and making creative motivational incentives for the classroom. Plaintiff also assisted the occupational therapist and speech therapist as needed and assisted children in their daily needs while at daycare, including needs during meal and nap time.

4

25.     Plaintiff was supervised by Weisman's Leslie Alexander, ("Alexander"), Certified Child Life Specialist.

26.     Michelle Grady Butkas, ("Butkas"), was Plaintiff's second level supervisor and served as the Director of Nursing for Defendant Weisman.

27.     In February 2016, Plaintiff was instructed to work with a child, approximately two-years old, who attended the medical daycare. Plaintiff was told that she needed to work with the child to address a behavior where he was constantly itching and scratching his skin.

28.     Plaintiff observed the child and noticed that his skin was red, swollen and flaking. In addition, his skin was scarred and mottled indicating a cycle of scratching and healing. The child had multiple open, bleeding wounds.

29.     Plaintiff was concerned that the condition was caused by severe food or environmental allergies and exacerbated by dry air.

30.     Plaintiff heard the nurses at the medical day care express their belief that the child's mother was not treating her child for his chronic and debilitating condition and that this constituted neglect.

31.     Plaintiff heard that the mother was given medicine for the skin condition but did not treat the child. Further, Plaintiff learned that the child's mother failed to keep a number of medical appointments scheduled to address the potential underlying condition causing her son's painful and chronic skin condition.

32.     Plaintiff heard that no one at Weisman had reported the child's condition and the mother's failure to treat same to CPPS despite state law and internal policy requiring that they do so.

33.     Plaintiff reasonably believed that Weisman's failure to report the incident to CPPS violated state laws and public policy.

34.     Plaintiff met with Butkas regarding the child's condition and the mother's failure to treat same.

5

35.     Plaintiff took the child to Butkas to show his extreme condition. Plaintiff complained to Butkas that no one at Weisman had called CPPS to report the child's neglect despite its own policy regarding reporting child abuse and neglect.

36.     Plaintiff further told Butkas that she believed that Defendant Weisman was required to call CPPS to report the neglect.

37.     To the best of Plaintiff's knowledge and belief, while acknowledging the serious nature of the child's condition and attempting to arrange treatment for same, Butkas did not call and report the incident to CPPS, nor did she instruct any Weisman employee to do so.

38.     On or about February 11, 2016, Plaintiff told Alexander that she wanted to make a hotline call to report neglect of the child to CPPS because she reasonably believed that Weisman was in violation of the law and its own internal policy regarding mandatory reporting of suspected child abuse or neglect.

39.     Later in the afternoon on February 11, 2016, Plaintiff called the CPPS hotline and reported her suspicion that the child was being neglected to CPPS.

40.     On or about February 12, 2016, Butkas came into the child's classroom and took him to a conference room where representatives from CPPS and Defendant Weisman were waiting.

41.     After returning home from work on February 15, 2016, Plaintiff received a call from Epic Defendants.

42.     Epic Defendants informed her that Weisman terminated her employment effective immediately because she "went behind their back" and reported neglect of a child to CPPS.

43.     Since then, Epic Defendants have refused to place Plaintiff at any client companies.

44.     Plaintiff's complaint to CPPS was a motivating factor in Weisman's decision to terminate Plaintiff.

45.    Plaintiff's complaint to CPPS was a motivating factor in Epic Defendants' decision to refuse to place her at any other client company.

46.    The retaliatory actions taken against Plaintiff would have discouraged a reasonable employee from complaining of improper conduct.

47.    As a direct and proximate result of Defendants' unlawful, improper, and retaliatory conduct, Plaintiff has incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, humiliation, mental anguish, loss of life's pleasures, and attorneys' fees and costs.

48.    By committing the foregoing acts, Defendants have violated CEPA and the public policy of the State of New Jersey.

## COUNT I - CEPA

49.    Plaintiff incorporates paragraphs 1 through 48 as if set forth herein in their entirety.

50.    Weisman retaliated against Plaintiff by terminating her.

51.    Epic Defendants retaliated against Plaintiff by refusing to place her with any other client company, thereby depriving Plaintiff of work.

52.    Defendants engaged in conduct, which Plaintiff reasonably believed and/or actually violated New Jersey law and public policy.

53.    Defendants retaliated against Plaintiff because Plaintiff reported suspected abuse and neglect to CPPS as required by law and complained of Defendant Weisman's violation of same.

54.    Defendants' upper management participated in, or were willfully indifferent to, the violations of CEPA complained of herein, warranting the imposition of punitive damages.

55.    As a direct and proximate result of Defendants' violations of CEPA, Plaintiff has suffered the injuries, damages and losses set forth in this Complaint.

56.    No previous application has been made for the relief requested herein.

7

## COUNT II – WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY (PIERCE)

57. Plaintiff incorporates paragraphs 1 through 56 as if set forth herein in their entirety and alternatively pleads as follows.

58. New Jersey has a clear public policy to protect and preserve the welfare of children.

59. Plaintiff complained to Weisman regarding Weisman's violation of the clear public policy of protecting and preserving the welfare of children.

60. Plaintiff exercised her rights protected by the clear public policy of protecting and preserving the welfare of children by reporting the child's lack of medical treatment to CPPS.

61. Weisman retaliated against Plaintiff by terminating her in violation of the clear public policy of protecting and preserving the welfare of children.

62. Weisman retaliated against Plaintiff by terminating her for exercising rights protected by the clear public policy of protecting and preserving the welfare of children.

63. Epic Defendants retaliated against Plaintiff by refusing to place her with any other client company, thereby depriving Plaintiff of work, in further violation of the clear public policy of protecting and preserving the welfare of children.

64. Defendants' upper management participated in, or were willfully indifferent to, the violations of public policy complained of herein, warranting the imposition of punitive damages.

65. As a direct and proximate result of Defendants' violations of clear public policy, Plaintiff has suffered the injuries, damages and losses set forth in this Complaint.

66. No previous application has been made for the relief requested herein.

8

## RELIEF

**WHEREFORE**, Plaintiff Milissa Eccleston seeks damages and legal and equitable relief in connection with all Defendants' improper conduct, jointly and severally, and specifically prays the Court to grant the following relief to Plaintiff by:

(a) Declaring the acts and practices complained of herein to be in violation of the public policy of the state of New Jersey;

(b) Declaring the acts and practices complained of herein to be in violation of CEPA;

(c) Awarding Plaintiff back pay and front pay;

(d) Awarding compensatory damages to Plaintiff to make Plaintiff whole for past and future lost earnings, benefits and earnings capacity which Plaintiff has suffered and will continue to suffer as a result of the unlawful misconduct by Defendants;

(e) Awarding compensatory damages to Plaintiff for past and future emotional upset and pain and suffering;

(f) Awarding Plaintiff costs of her action, together with reasonable attorneys' fees;

(g) Awarding Plaintiff punitive damages;

(h) Awarding Plaintiff such other damages as are appropriate under the causes of action that form the basis of this Complaint; and

(i) Granting such other and further relief as this Court deems appropriate.

**CONSOLE LAW OFFICES LLC**

Dated: November, 16, 2016          By:

STEPHEN G. CONSOLE
KATHERINE C. OELTJEN
110 Marter Ave. Suite #105
Moorestown, NJ 08057
(856) 854-4000
(856) 854-4006 (fax)
*Attorneys for Plaintiff,*
*Milissa Eccleston*

9